FRANK HENRY V. STATE OF NEBRASKA.

FILED JUNE 30, 1904.    No. 13,297.

Criminal Law: VERDICT: REVIEW.  It is the province of the jury to
    determine disputed matters of fact in criminal as well as in civil
    cases.  The verdict will not be set aside in this court upon pro-
    ceedings in error for want of evidence to support it, unless it is
    clearly wrong.

ERROR to the district court for Antelope county: JOHN
F. BOYD, JUDGE.  *Affirmed.*

*George F. Boyd,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown,*
contra.

SEDGWICK, J.

This defendant, plaintiff in error, was tried in the dis-
trict court for Antelope county upon the charge of robbery.
He has brought the proceedings to this court for review,
and urges here that the evidence is not sufficient to sup-
port the verdict which the jury returned against him.

At about ten o'clock on the evening of the 21st of March,
1903, Walter Older was assaulted on the streets in the
town of Brunswick in Antelope county, and at the point
of a revolver was compelled to submit to search and rob-
bery.  A small amount of money was taken from his
pockets.  He accused this defendant of the crime, and
upon the trial testified that he had known the defendant,
who was a resident of the same town, for eight or ten years.
He testified that he saw the defendant on the street, and
that the defendant then and there commited the robbery,
giving the circumstances in detail.  The evidence is con-
sistent, and, if it is believed, establishes the guilt of the
defendant as charged in the information.

The witness described the general appearance of the

defendant, and stated, among other things, that the defendant wore a common cap, and had a red handkerchief tied around the lower part of his face with the cap brought well down to his eyes, so that the witness could see that part of his face between the handkerchief and the cap. The witness was cross-examined in detail as to the appearance of the defendant at the time of the robbery, but he was not asked upon what he relied in identifying the defendant; and although it appeared that they were very close together, and the defendant spoke to him several times, the witness did not testify whether or not he recognized the defendant's voice. The witness had a lantern which furnished a strong light until it was extinguished by the defendant's orders. He positively identified the defendant, and there was nothing in his cross-examination making it necessary to believe that he was mistaken in this identification.

The defendant attempted to prove an alibi. Three witnesses testified that at the time the robbery took place, he was present while two of them were engaged in a game of billiards; but this evidence was contradicted by several apparently reliable witnesses who were at the billiard room at the time, and positively testified that the defendant was not there. The defendant testified in his own behalf and denied all connection with the crime, and corroborated the witnesses in support of his alibi. It was shown by undoubted evidence that the defendant on his preliminary examination testified that he had no revolver in his possession on the evening of the robbery; whereas it was proved on the trial, and admitted by the defendant, that he had two revolvers in his possession at that time. He was shown to have misstated other material matters. If this impeaching evidence was believed by the jury they would have been justified for that reason in rejecting his evidence so far as it was not corroborated by other proofs. It is the province of the jury to determine disputed matters of fact, and the evidence in this case is sufficient to support their verdict.

No other reason for reversing the judgment being urged, and no substantial error appearing in the record, the judgment of the district court is

AFFIRMED.